**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In re CLEARVIEW AI, INC.
CONSUMER PRIVACY LITIGATION     MDL Docket No. 2967

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
CLEARVIEW DEFENDANTS' MOTION TO TRANSFER AND COORDINATE OR
CONSOLIDATE ACTIONS FOR PRETRIAL PROCEEDINGS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

    I.      New York Is the Primary Locus of the Actions .................................................................. 2

    II.     The Southern District of New York Is the More Convenient Forum ................................. 5

    III.    Transfer to the Southern District of New York Promotes the Just and Efficient
           Conduct of the Actions ...................................................................................................... 7

CONCLUSION ................................................................................................................................ 10

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Armored Car Antitrust Litig.*,
  462 F. Supp. 394 (J.P.M.L. 1978) ..........................................................................................10

*In re Brazilian Prosthetic Device Bribery Litig.*,
  283 F. Supp. 3d 1381 (J.P.M.L. 2017) ......................................................................................7

*In re Fluidmaster, Inc.*,
  65 F. Supp. 3d 1397 (J.P.M.L. 2014) ........................................................................................6

*In re Helicopter Crash New Wendle Creek, British Columbia, on Aug. 8, 2002*,
  542 F. Supp. 2d 1362 (J.P.M.L. 2008) ......................................................................................8

*In re Inclusive Access Course Materials Litig.*,
  MDL No. 2946, ECF No. 67 (J.P.M.L. Aug. 11, 2020) ............................................................6

*In re Lowe's Cos., Inc. Fair Labor Standards Act & Wage & Hour Litig.*,
  MDL No. 2947, ECF No. 24 (J.P.M.L. Aug. 5, 2020) ..............................................................6

*In re McDonald's French Fries Litigation*,
  444 F. Supp. 2d 1342 (J.P.M.L. 2006) ......................................................................................6

*In re Mortg. Indus. Foreclosure Litig.*,
  996 F. Supp. 2d 1379 (J.P.M.L. 2014) ......................................................................................7

*In re Profemur Hip Implant Prods. Liability Litig.*,
  MDL No. 2949, ECF No. 134 (J.P.M.L. Aug. 7, 2020) ............................................................6

## INTRODUCTION

All parties agree that the six New York Actions and the four Illinois Actions should be consolidated for pretrial proceedings.[1] The only disagreement is whether the Actions should be transferred to the Southern District of New York or the Northern District of Illinois. The Clearview Defendants and a majority of Plaintiffs—including a majority of Plaintiffs who reside in Illinois—have demonstrated that the Actions should proceed in New York, where the alleged actionable conduct occurred. A minority of Plaintiffs (the "N.D. Ill. Plaintiffs") argue that the Actions should proceed in Illinois. The Panel should reject the N.D. Ill. Plaintiffs' arguments, and consolidate the Actions in New York.

Ignoring the facts and claims asserted in their own complaints, the N.D. Ill. Plaintiffs declare that the "primary locus of the disputes is Illinois" and that BIPA is the "common thread linking" these cases. MDL No. 2967, ECF No. 25 at 14 ("Response"). Those positions are contrary to the facts as recognized by two federal judges. Chief Judge McMahon and Judge Alston concluded that New York is the center of gravity for this litigation because Clearview and its principals are based in New York and Clearview created its database of photos from New York. The N.D. Ill. Plaintiffs' argument also ignores that Plaintiffs assert numerous other causes of action based on federal, New York, California, Virginia, and Illinois law. Confirming that these cases are not centered around Illinois, Plaintiffs seek to represent "putative class members dispersed throughout the country." *Id.* at 16.

Next, the N.D. Ill. Plaintiffs argue that the Northern District of Illinois is the "more

---

[1] Capitalized terms have the same definitions as set forth in the Clearview Defendants' opening brief unless noted otherwise. MDL No. 2967, ECF No. 1-1 ("Clearview Br."). As discussed below, the Clearview Defendants' position is that an eleventh case—which was recently filed against Macy's (not Clearview) and which raises different factual and legal issues—should not be related to or consolidated with the Actions. *See infra* at 7.

convenient and accessible forum." *Id.* To support this argument, they point out that a "majority of the named plaintiffs resid[e] in Illinois." *Id.* They fail to mention that the majority of all Illinois Plaintiffs would actually prefer to litigate in New York. Their convenience argument also fails because the relative discovery burdens on Plaintiffs will pale compared to those on the Clearview Defendants. As this Panel has concluded time and again, the most convenient forum for litigating putative class actions is generally where the defendant is headquartered because that is where relevant documents and witnesses are most likely to be found.

Finally, the Panel should reject the N.D. Ill. Plaintiffs' argument that "transfer to the Northern District of Illinois promotes the just and efficient conduct of the actions." *Id.* at 17. The primary basis for this argument is that the Illinois Actions supposedly are "more advanced" than the New York Actions. *Id.* In fact, all the Actions are in their very early stages, and they are all presently stayed: the N.D. Ill. Plaintiffs have not filed a consolidated complaint; the Clearview Defendants have not filed any responsive pleadings on the merits; and discovery has not commenced. The N.D. Ill. Plaintiffs point out Judge Coleman has consolidated and appointed interim class counsel for three of the Illinois Actions, but Chief Judge McMahon could take those steps in a matter of days once she lifts the stay. Indeed, Chief Judge McMahon recently cautioned the parties that the cases would "move quickly" should they end up in New York. Ex. 1 at 6:20. Chief Judge McMahon's statement is consistent with her significant experience overseeing multi-district litigation—compared to Judge Coleman, who has not had that experience—and the Southern District of New York's less congested and generally speedier docket.

## ARGUMENT

### I. New York Is the Primary Locus of the Actions

The N.D. Ill. Plaintiffs argue that the "Northern District of Illinois possesses the strongest connection to this litigation." Response at 14. The facts prove otherwise.

2

According to the N.D. Ill. Plaintiffs, the "common thread linking all but one of the cases together is Illinois' BIPA statute." *Id.* In reality, however, the "common thread" linking all of these cases is Clearview's challenged business practices, which occurred in New York. Specifically, Clearview is based in New York; Ton-That and Schwartz live in New York; Clearview's technology searched the "open web" from its headquarters in New York; Clearview collected and downloaded images for its database from New York; and Clearview's database of images searched by licensed users is located on servers that reside in New York and New Jersey.[2] MDL No. 2967, ECF No. 1-3 ¶¶ 2, 5 7, 9; MDL No. 2967, ECF No. 1-4 ¶ 2.

Moreover, Plaintiffs' BIPA claim is just one of many claims asserted against the Clearview Defendants. Other claims are based on the United States Constitution, Intentional Interference with Contractual Relations (nationwide), Unjust Enrichment (nationwide), the Virginia Code, the Virginia Computer Crimes Act, California Unlawful and Unfair Business Practices, California Commercial Misappropriation, California Unjust Enrichment, California Unfair Competition Law, California Right of Publicity, California Constitutional Right to Privacy, the Illinois Consumer Fraud and Unfair Business Practices Act, and Illinois Conversion. Clearview Br. at 5-6.

The N.D. Ill. Plaintiffs also point out that "80% of the named plaintiffs call Illinois their home," but this argument fails. Response at 14. The only relevant activity that allegedly occurred in Illinois is that certain Plaintiffs uploaded photos of themselves to the internet there. But photos of other named Plaintiffs were allegedly uploaded in New York, California, and Virginia. Indeed, photos of putative class members were allegedly uploaded across the entire country. Clearview Br. at 4. Plaintiff Mutnick, who is leading the N.D. Ill. Plaintiffs, asserts claims "on behalf of a

---

[2] The N.D. Ill. Plaintiffs assert that the question of personal jurisdiction has been "resolved." Response at 15. The Clearview Defendants do not believe that the Illinois courts can constitutionally exercise jurisdiction over them, and anticipate challenging that ruling.

3

nationwide class," Response at 5, which cuts against his argument that Illinois is "the primary locus of the disputes."[3]

Next, the N.D. Ill. Plaintiffs attempt to cast doubt on Chief Judge McMahon's conclusion that "'New York is the primary locus of the disputes.'" Response at 9 (quoting *Calderon*, ECF No. 51 at 15). The N.D. Ill. Plaintiffs argue that Chief Judge McMahon "did not have the benefit of the more fully developed facts" because at the time she "issued her order, six New York Actions were pending, as opposed to only two N.D. Ill. Actions." *Id.* at 15. However, Chief Judge McMahon gave five reasons to support her conclusion that "New York is the primary locus of the disputes," and none had anything to do with the comparative number of lawsuits filed.[4]

Also unavailing is the N.D. Ill. Plaintiffs' attempt to diminish the importance of the decision by yet another federal judge, who transferred a case from the Eastern District of Virginia to the Southern District of New York. According to the N.D. Ill. Plaintiffs, Judge Alston in Virginia "was not presented with any of the facts favoring transfer to the Northern District of Illinois." Response at 16. But that is beside the point, because the same facts that allegedly connected the *Roberson* case to Virginia (*i.e.*, a plaintiff who allegedly uploaded photos of herself in Virginia), which Judge Alston considered, also allegedly connect the Actions to Illinois (*i.e.*, plaintiffs who allegedly uploaded photos of themselves in Illinois). But Judge Alston rejected this

---

[3] Relatedly, the N.D. Ill. Plaintiffs argue that Mutnick's complaint "is the broadest in nature of any of the complaints." Response at 14. In fact, Mutnick asserts claims on behalf of Illinois and nationwide putative classes only, whereas the broader *John* case asserts claims on behalf of California, New York, Illinois, and nationwide putative classes. Clearview Br. at 13.

[4] Chief Judge McMahon found that: (1) "Schwartz and Ton-That, the company's princip[als] and insureds, both reside in New York"; (2) "Clearview has its headquarters and principal place of business in New York"; (3) the "majority of Clearview's employees work in New York"; (4) the "servers hosting the data necessary for Clearview's business are located in New York"; and (5) the "images collected by Clearview were accessible to Clearview from its place of business in New York." *Calderon*, ECF No. 51 at 15 (citations and internal quotation marks omitted).

argument and concluded that venue was "appropriate in the Southern District of New York because a substantial part of the events . . . giving rise to [Plaintiff's] claim[s]" took place in that jurisdiction regardless of the actions or home district of the Plaintiff. *Roberson*, ECF No. 24 at 6 (citations and quotation marks omitted).[5]

## II. The Southern District of New York Is the More Convenient Forum

The Panel should also reject the argument that "Illinois' geographically central location makes it the more convenient and accessible forum." Response at 16.

The N.D. Ill. Plaintiffs argue that the "majority of the named plaintiffs resid[e] in Illinois" and "other plaintiffs [are] dispersed on opposite coasts." *Id.* But these points are irrelevant because (1) the majority of all Illinois Plaintiffs would prefer to litigate in New York and (2) the majority of all Plaintiffs would prefer to litigate in New York (including the California Plaintiffs).[6]

As with most putative class actions, discovery in this case is likely to be overwhelmingly one-sided. Plaintiffs are unlikely to have many (if any) relevant documents, and any depositions of Plaintiffs are likely to be short, which makes them especially conducive to being done remotely. In addition, although non-named putative class members are unlikely to be subject to depositions (let alone in-person depositions), even if they were, they could just as easily fly to New York as they could to Illinois. In stark contrast, almost all of the relevant discovery will focus on Clearview, the individual Defendants, and their activities in New York. Plaintiffs are likely to

---

[5] The N.D. Ill. Plaintiffs claim that Judge Coleman made various "findings" in her decision denying the Clearview Defendants' motion to dismiss for lack of personal jurisdiction or to transfer venue. Response at 4. However, Judge Coleman made clear that she "accept[ed] the well-pleaded, undisputed facts in the complaint as true" and that she was required to resolve all "conflict[s] in plaintiffs' favor." *Mutnick*, ECF No. 86 at 2.

[6] Eight of the 15 Illinois Plaintiffs in the Actions favor New York: Calderon, Rocio, Broccolino, McPherson, Pomerene, Jais, Arias, and Albrecht. Three of the remaining four Plaintiffs also favor New York: Burke (California), Balfanz (California), and John (New York).

depose multiple Clearview employees and principals who reside in New York, and almost all of the relevant documents are likely to be located there.

Faced with the one-sided nature of discovery, the N.D. Ill. Plaintiffs argue that the Panel should not consider the "physical location" of Clearview's witnesses and documents because, in "modern times," "hearings and depositions are routinely conducted via video or audio" and "documents are routinely exchanged electronically." *Id.* at 16-17. But this unsupported argument ignores that the Panel consistently transfers cases to the district where relevant documents and witnesses may be found—even in recent decisions issued in the midst of the current pandemic.[7]

The two cases cited by the N.D. Ill. Plaintiffs in support of their argument that Illinois provides a "geographically central location" are not on point—and, in fact, support the Clearview Defendants' argument. *Id.* at 16. As for *In re McDonald's French Fries Litigation*, the Panel centralized the cases in the Northern District of Illinois because the defendant had its headquarters there and thus Illinois was "a likely source of relevant documents and witnesses." 444 F. Supp. 2d 1342, 1342 (J.P.M.L. 2006). Likewise, in *In re Fluidmaster, Inc.*, the defendant and a majority of the plaintiffs supported centralization in Illinois. 65 F. Supp. 3d 1397, 1398 (J.P.M.L. 2014). Under the logic of these cases cited by the N.D. Ill. Plaintiffs, these actions should be transferred to New York.

The N.D. Ill. Plaintiffs also argue that "the Wynndalco Defendants are based in Illinois"

---

[7] *See, e.g.*, *In re Inclusive Access Course Materials Litig.*, MDL No. 2946, ECF No. 67 (J.P.M.L. Aug. 11, 2020) (transferring to the Southern District of New York because the defendants were headquartered in or near that district and because the "[r]elevant documents and witnesses thus likely will be found in or near the Southern District of New York"); *In re Profemur Hip Implant Prods. Liability Litig.*, MDL No. 2949, ECF No. 134 (J.P.M.L. Aug. 7, 2020) (transferring cases to the district that was "located near" defendants' headquarters, "where relevant documents and witnesses may be found"); *In re Lowe's Cos., Inc. Fair Labor Standards Act & Wage & Hour Litig.*, MDL No. 2947, ECF No. 24 (J.P.M.L. Aug. 5, 2020) (same).

and that Macy's "regularly do[es] business in Illinois." Response at 16. Neither argument supports transfer to Illinois. As for Wynndalco, that entity is named as a defendant in just one case for allegedly acting as Clearview's "Illinois-based agent." *Calderon*, ECF No. 52 ¶ 7. Discovery will show that allegation to be false. Notably, several Plaintiffs initially brought claims against a similar "Illinois-based agent" named CDW-G, but they have all since voluntarily dismissed those meritless claims. *See Hall*, ECF No. 54; *Marron*, ECF No. 31; *Mutnick*, ECF No. 74. As a result, the presence of Wynndalco in this one case should have no impact on the Panel's decision.

As for Macy's, the Panel should not consider *Carmean v. Macy's Retail Holdings, Inc.* in its transfer analysis because that case should not be related to or consolidated with the Actions. No. 20-cv-4589 (N.D. Ill.). None of the parties in that action are parties in these Actions. *Carmean* focuses on the alleged conduct of Macy's, the sole defendant, not Clearview. Not only is Clearview not a party to *Carmean*, but *Carmean* is based on different facts and raises different claims on behalf of different putative classes. The Panel routinely denies coordination in these circumstances.[8] In any case, even if the Macy's case were consolidated, it would support the consolidation of these cases in New York: Macy's principal executive offices are in New York, and Plaintiff Carmean alleges no specific wrongdoing on the part of Macy's in Illinois (as opposed to Macy's national). Ex. 2 (excerpt of Macy's September 3, 2020 Form 10-Q).

### III. Transfer to the Southern District of New York Promotes the Just and Efficient Conduct of the Actions

Finally, the Panel should reject the N.D. Ill. Plaintiffs' various arguments in support of

---

[8] *See, e.g.*, *In re Brazilian Prosthetic Device Bribery Litig.*, 283 F. Supp. 3d 1381, 1382 (J.P.M.L. 2017) ("Different defendants are sued in each action, and there is no allegation that these defendants conspired or coordinated with one another. . . . The factual issues presented in each action thus will be primarily case-specific."); *In re Mortg. Indus. Foreclosure Litig.*, 996 F. Supp. 2d 1379 (J.P.M.L. 2014) (denying coordination where actions "involve different defendants, different plaintiffs . . . different state laws, and different putative classes").

7

their position that "transfer to the Northern District of Illinois promotes the just and efficient conduct of the Actions."  Response at 17.

*First*, the N.D. Ill. Plaintiffs argue that the Illinois Actions "are more advanced than the New York Actions." *Id.*  This is a gross mischaracterization.  The Illinois and New York Actions are all in their infancy:  the N.D. Ill. Plaintiffs have not filed a consolidated complaint; the Clearview Defendants have not filed any responsive pleadings on the merits; and discovery has not commenced.  Clearview Br. at 6.  Moreover, the Illinois and New York Actions are stayed pending a decision by the Panel on the Clearview Defendants' motion to transfer.  *See Mutnick*, ECF No. 99; *Calderon* ECF Entry Sept. 9, 2020.

In support of their argument that the Illinois Actions are "more advanced," the N.D. Ill. Plaintiffs point out that a "fully-briefed motion for preliminary injunction is pending."  Response at 17.  But Judge Coleman has not ruled on this motion, which has been pending for five months and would, in any event, transfer along with the Illinois Actions.  The N.D. Ill. Plaintiffs speculate that Judge Coleman "appears to be close to ruling on" the motion, but Judge Coleman has never said that, new briefing has been filed before her, and she has issued a stay of the Illinois Actions, which means that a decision will not come until after this Panel makes a ruling.  *Id.*  And the facts here are a far cry from the case relied on by the N.D. Ill. Plaintiffs.  *Id.* (citing *In re Helicopter Crash New Wendle Creek, British Columbia, on Aug. 8, 2002*, 542 F. Supp. 2d 1362, 1363 (J.P.M.L. 2008) (transferring a newly-filed tag-along case <u>four years</u> after the Panel transferred the previously-filed cases to the transferee judge because the transferee judge had obviously "developed a familiarity with the allegations")).

The N.D. Ill. Plaintiffs next argue that the Illinois Actions are "more advanced" because they are "organized and consolidated."  *Id.*  Judge Coleman consolidated and appointed interim

8

class counsel for *Mutnick*, *Hall*, and *Marron* before staying these cases, while Chief Judge McMahon stayed the cases before taking such actions. Judge Coleman has not, in any event, consolidated *Thornley* (because a motion to remand is pending) and the *Carmean* case has not even been deemed related (nor should it be) to the matters pending before her. Regardless, no consolidated complaint has been filed, and the fact that ministerial actions have been taken in Illinois does not mean that those cases are "more advanced" than the New York cases in any meaningful way. Consolidating and appointing interim lead counsel for the six related New York Actions could be done in a matter of days, and Chief Judge McMahon has said that she will "move quickly" if these cases were to be heard by her. Ex. 1 at 6:20.

The N.D. Ill. Plaintiffs also incorrectly assert that the "New York Actions have stagnated." Response at 7. In fact, Chief Judge McMahon issued an order saying that she "intend[s] to consolidate the [New York Actions] and proceed with case management" over two months before Judge Coleman consolidated the *Mutnick*, *Hall*, and *Marron* cases—at a time when counsel for *Mutnick* was *opposing* any consolidation in Illinois. *Calderon*, ECF No. 51 at 4; *Mutnick*, ECF Nos. 40, 54. Presumably Chief Judge McMahon was waiting for Judge Coleman to resolve the Clearview Defendants' motion to transfer (which occurred in August 2020) before consolidating the New York Actions. At any rate, both the Illinois Actions and the New York Actions have been stayed, so neither set of cases is advancing out of the infancy stages until this Panel rules.

*Second*, the N.D. Ill. Plaintiffs argue that "ten of the eleven actions are brought on behalf of *Illinois* Plaintiffs seeking to enforce an *Illinois* statute for violations of their privacy rights in *Illinois*." Response at 17. However, as discussed above, this argument fails for several reasons, including that all of the challenged activity occurred in New York; Plaintiffs assert numerous claims on behalf of various nationwide putative classes as well as New York, California, Virginia,

and Illinois putative classes; and a majority of the Illinois Plaintiffs would rather litigate in New York. *See supra* at 3-5. Moreover, Chief Judge McMahon recently explained that she is "accustomed to dealing with these kinds of interstate different statutes . . . ." Ex. 1 at 8:9-10.[9]

*Third*, while the Clearview Defendants agree that "Judge Coleman is an experienced jurist," Response at 18, it is undisputed that her lack of experience in multi-district litigation contrasts significantly with that of Chief Judge McMahon, whom the Panel has repeatedly described as an "experienced transferee judge." Clearview Br. at 13-14 (collecting cases).

*Fourth*, the N.D. Ill. Plaintiffs acknowledge that the Northern District of Illinois is more congested than the Southern District of New York. Response at 19. Because the Southern District of New York is less congested, cases there move much faster: civil cases in the Southern District of New York take just 6.4 months on average to proceed from filing to disposition, and 31.3 months to reach trial, while civil cases in the Northern District of Illinois take 11.2 months on average to go from filing to disposition, and 41.3 months to reach trial.[10] Consistent with these statistics, Chief Judge McMahon advised the parties during a recent hearing that if the cases do ultimately proceed in New York she will make sure that they "move quickly." Ex. 1 at 6:20.

## CONCLUSION

The Clearview Defendants respectfully request that this Panel enter an order transferring the Actions to Chief Judge McMahon in the Southern District of New York.

---

[9] *See also e.g.*, *In re Armored Car Antitrust Litig.*, 462 F. Supp. 394, 396 (J.P.M.L. 1978) ("[I]t is within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state.").

[10] United States District Courts – National Judicial Caseload Profile, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf (last visited Sept. 15, 2020).

September 15, 2020　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　By: /s Floyd Abrams

　　　　　　　　　　　　　　　　　　　　　　　　　　Floyd Abrams
　　　　　　　　　　　　　　　　　　　　　　　　　　Joel Kurtzberg
　　　　　　　　　　　　　　　　　　　　　　　　　　CAHILL GORDON & REINDEL LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　32 Old Slip
　　　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10005
　　　　　　　　　　　　　　　　　　　　　　　　　　Phone: (212) 701-3621
　　　　　　　　　　　　　　　　　　　　　　　　　　fabrams@cahill.com
　　　　　　　　　　　　　　　　　　　　　　　　　　jkurtzberg@cahill.com

　　　　　　　　　　　　　　　　　　　　　　　　　　Lee Wolosky
　　　　　　　　　　　　　　　　　　　　　　　　　　Andrew J. Lichtman
　　　　　　　　　　　　　　　　　　　　　　　　　　JENNER & BLOCK LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　919 Third Avenue
　　　　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10022-3908
　　　　　　　　　　　　　　　　　　　　　　　　　　Phone: (212) 891-1600
　　　　　　　　　　　　　　　　　　　　　　　　　　lwolosky@jenner.com
　　　　　　　　　　　　　　　　　　　　　　　　　　alichtman@jenner.com

　　　　　　　　　　　　　　　　　　　　　　　　　　Howard S. Suskin
　　　　　　　　　　　　　　　　　　　　　　　　　　David P. Saunders
　　　　　　　　　　　　　　　　　　　　　　　　　　JENNER & BLOCK LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　353 North Clark Street
　　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60654
　　　　　　　　　　　　　　　　　　　　　　　　　　Phone: (312) 222-9350
　　　　　　　　　　　　　　　　　　　　　　　　　　hsuskin@jenner.com
　　　　　　　　　　　　　　　　　　　　　　　　　　dsaunders@jenner.com

　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants Clearview
　　　　　　　　　　　　　　　　　　　　　　　　　　AI, Inc., Hoan Ton-That, and Richard
　　　　　　　　　　　　　　　　　　　　　　　　　　Schwartz