```
                    BEFORE THE UNITED STATES JUDICIAL
                    PANEL ON MULTIDISTRICT LITIGATION


 In re CLEARVIEW AI, INC.,        .  MDL NO. 2967
 CONSUMER PRIVACY LITIGATION.     .  Thursday, December 3, 2020
 . . . . . . . . . . . . . . . .  .  10:04 a.m.


                         TRANSCRIPT OF ORAL ARGUMENT
                            VIA VIDEOCONFERENCE


 BEFORE:              HONORABLE KAREN K. CALDWELL, CHAIR
                      Eastern District of Kentucky

                      HONORABLE CATHERINE D. PERRY
                      Eastern District of Missouri

                      HONORABLE NATHANIEL M. GORTON
                      District of Massachusetts

                      HONORABLE MATTHEW F. KENNELLY
                      Northern District of Illinois

                      HONORABLE DAVID C. NORTON
                      District of South Carolina

                      HONORABLE ROGER T. BENITEZ
                      Southern District of California

                      HONORABLE DALE A. KIMBALL
                      District of Utah


 FOR PLAINTIFFS:      JOSEPH P. GUGLIELMO, ESQ.
                      Scott+Scott

                      SCOTT R. DRURY, ESQ.
                      Loevy & Loevy

 FOR DEFENDANTS:      FLOYD ABRAMS, ESQ.
                      Cahill Gordon & Reindel

 Court Reporter:      Bryan A. Wayne, RPR, CRR
                      U.S. Courthouse, Room 4704-A
                      333 Constitution Avenue NW
                      Washington, DC 20001
                      (202) 354-3186
```

1                             P R O C E E D I N G S
2               JUDGE CALDWELL:  The Panel will now hear MDL 2967,
3     In re Paragard IUD Litigation.  The Court will recognize
4     Floyd Abrams.
5               MR. ABRAMS:  Good morning, Your Honors.
6     I am Floyd Abrams from the Cahill Gordon firm in New York,
7     representing Clearview, and in favor of the motion to
8     consolidate in the Southern District of New York.
9          All the parties in this case agree that all the cases
10    arise out of the same facts and that those facts occurred
11    in New York.  All likely fact witnesses and all documents are
12    there.  Clearview is there.  Clearview's executives are there.
13    The servers in this case are there in New York.  I can't think
14    of any witnesses anyplace but New York who would be deposed and
15    perhaps even at trial if there is one.  So we think it's no
16    surprise that both judges McMahon and Alston concluded that
17    New York is the primary locus of this dispute.
18         Now, when this motion was made, there were 10 cases at
19    issue, six in the Southern District of New York and four in
20    the Northern District of Illinois.  One of those four cases
21    in Illinois has been remanded to the state court in Illinois.
22    That remand is now on appeal to the Court of Appeals for the
23    Seventh Circuit, which will be heard early next year.
24         At this moment, then, there are nine pending cases,
25    six in New York, three in the Northern District of Illinois.

```
 1    Fourteen of the 17 parties in these cases favor this pretrial
 2    proceeding to occur in the Southern District of New York.
 3    Eight of the 12 Illinois residents who have sued are supporting
 4    the transfer to occur to the Southern District of New York.
 5    These cases are at very preliminary stages.
 6            JUDGE CALDWELL:  I'm sorry, sir.  Your time is up.
 7    I'll now entertain questions from the Panel.
 8         All right.  Hearing none, thank you very much, Mr. Abrams.
 9         Now we'll hear from counsel for John McPherson.
10            MR. GUGLIELMO:  Good morning, Your Honor.  This
11    is Joseph Guglielmo.  I'm with Scott & Scott, and I represent
12    plaintiffs McPherson, Burke, and Broccolino.  I will not repeat
13    the arguments that were made by Mr. Abrams, but we join in the
14    argument of the defendant Clearview in centralization of these
15    cases for the Southern District of New York.
16         As the Court is aware, the parties had previously had
17    1404 motions to transfer the cases to the Northern District
18    of Illinois and the Southern District of New York.  Both of
19    those motions were denied, so we believe 1407 is the appropriate
20    vehicle.
21         The Southern District of New York is the only court that
22    possesses general and specific jurisdiction over the defendants.
23    As counsel indicated, Clearview has no employees in Illinois,
24    is not registered to do business in Illinois, and it has none of
25    the servers.  None of the witnesses will be located in Illinois.
```

1    I'll address a couple of the arguments that were made
2    by the movants in Illinois.  They claim that a majority of
3    the plaintiffs are from Illinois.  That argument actually
4    supports centralization in the Southern District of New York
5    as those plaintiffs, the majority of which filed in the Southern
6    District of New York, eight of those 15 plaintiffs.
7    With respect to the cases being either substantially ahead,
8    none of the cases are substantially ahead.  All of the cases are
9    in the initial pleading phase.  No motions to dismiss have been
10   decided.  None of the cases are in discovery.  In fact, all the
11   cases are stayed.  I also want to refute the claim that was made
12   by the Illinois movants that Judge McMahon has allowed these cases
13   in the Southern District of New York to essentially stagnate.
14   I would think that Judge McMahon would disagree with that
15   point.  In fact, during a conference on September 9th, in which
16   all of the parties of the cases filed in the Southern District
17   of New York participated, Judge McMahon told us specifically
18   that if she were to receive these cases, she would move them
19   expeditiously, and we took her direction to heart.
20   The parties in the Southern District of New York have
21   been working on a consolidated amended complaint, we've been
22   working on discovery, and so we think that the issue here is
23   that the common thread is not an Illinois-based claim; rather,
24   it's the conduct that occurred in the Southern District of New
25   York.  The factual claims arise in New York and form the basis

```
 1  of various state and common-law claims.  I see my time is up.
 2              JUDGE CALDWELL:  Thank you very much.
 3       Questions from the Panel?
 4       Hearing none, thank you very much.  We have your argument.
 5       The Panel will now recognize counsel for David Mutnick.
 6              MR. DRURY:  Good morning, Your Honor.  My name is
 7  Scott Drury of the law firm of Loevy & Loevy.  I represent what
 8  has been deemed the Coalition plaintiffs, namely the plaintiffs
 9  in Mutnick, Marron, Hall, Roberson, Carmean, and Thornley, of
10  which currently is on appeal.  The Coalition plaintiffs support
11  centralization in the Northern District of Illinois.
12       Your Honors, defendants' motion is not really about the
13  center of gravity being in New York.  These cases overwhelmingly
14  involve Illinois plaintiffs seeking damages for defendants'
15  violations of an Illinois privacy statute in Illinois.  In
16  actuality, defendants' motion is about disrupting the efficient
17  progress of the Illinois cases.
18       On August 12, Judge Coleman granted plaintiffs' consolidation
19  motion and set quick deadlines for a consolidated complaint and
20  answer.
21       On August 14, Judge Coleman appointed interim lead
22  plaintiffs' counsel and requested that that counsel submit a
23  proposed order regarding plaintiffs' motion for preliminary
24  injunction.
25       On August 18, defendants responded by moving to centralize
```

this litigation in New York and use that motion to halt the progress of the Illinois cases.

Against this backdrop, § 1407 requires centralization in the Northern District of Illinois.  Indeed, justice and efficiency command such a result.

Judge Coleman is on the cusp of ruling on plaintiffs' injunction motion, and the Illinois cases are otherwise proceeding in an organized fashion.  Sending these case to New York to start anew would disrupt the efficient progress of the Illinois cases and would unjustly reward defendants' overt gamesmanship.

Moreover, the Northern District of Illinois has a strong interest in protecting Illinois residents' privacy rights and in further developing the district's already extensive caseload regarding the Illinois statute at issue.  Notably, Judge Coleman has handled multiple cases involving that Illinois statute.

Centralization in the Northern District also satisfies the convenience factor.  The Northern District is centrally located and easily accessible, an important fact given that there's parties on opposite coasts.  Moreover, key documents and witnesses are in Illinois given that the defendants have multiple contracts with Illinois companies.

For these reasons, the Coalition plaintiffs respectfully request that the Panel centralize these cases in the Northern District of Illinois.

1             JUDGE CALDWELL:  Questions from the Panel?
2       Hearing none, thank you very much.  We have your argument.
3             MR. DRURY:  Thank you, Your Honors.
4       (Proceedings adjourned at 10:12 a.m.)

CERTIFICATE *

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.


<u>/s/ Bryan A. Wayne</u>
Bryan A. Wayne

* PLEASE NOTE:

This hearing was taken via videoconference in compliance with U.S. District Court Standing Order(s) during the COVID-19 pandemic. Transcript accuracy may be affected by limitations associated with use of electronic technology, including but not limited to sound distortion or audiovisual interference.